UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: 1:25-cv-21263

CARLOS CUESTA, and DOUGLAS
LONGHINI, individuals, and ACCESS 4 ALL,
INC., a Florida not-for-profit Corporation,

      Plaintiffs,
v.

LIBERTY MEDIA CORPORATION d/b/a
FORMULA 1 MIAMI GRAND PRIX, a
Delaware Corporation, and SOUTH FLORIDA
STADIUM, LLC d/b/a HARD ROCK STADIUM,
a Florida Corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiffs, CARLOS CUESTA, DOUGLAS LONGHINI and ACCESS 4 ALL, INC., on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, LIBERTY MEDIA CORPORATION d/b/a FORMULA 1 MIAMI GRAND PRIX and SOUTH FLORIDA STADIUM, LLC d/b/a HARD ROCK STADIUM (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.  This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

1

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, is a resident of Miami-Dade County, Florida and is otherwise *sui juris.*

5. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, is a resident of Miami-Dade County, Florida and is otherwise *sui juris.*

6. Plaintiff, ACCESS 4 ALL, INC., ("Access") is a non-profit Florida corporation, formed under the laws of the State of Florida.  Access maintains its principal office at 8275 SW 152 Avenue, #316, Miami, Florida 33193.  Members of this organization include individuals with disabilities as defined by the ADA – many of which require the use of a wheelchair to ambulate, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation and public entities are accessible to and usable by the disables and that its members are not discriminated against because of their disabilities.

7. At all times material, Defendant, LIBERTY MEDIA CORPORATION d/b/a FORMULA 1 MIAMI GRAND PRIX, was and is a foreign corporation doing business in the State of Florida, owning and operating a Formula One race in the State of Florida, and deriving substantial revenue from the State.

8. At all times material, Defendant, SOUTH FLORIDA STADIUM, LLC, d/b/a HARD ROCK STADIUM, that's owns and operates the Hard Rock Stadium in Miami-Dade

County at which the Formula One race occurs, and was and is a Florida corporation doing business in the State of Florida and deriving substantial revenue from the State.

9. Venue is properly located in the Southern District of Florida because the Formula One race operated by Defendants is located in Miami-Dade County, Florida, Defendants regularly conduct business within Florida, Defendant SOUTH FLORIDA STADIUM, LLC, is located in Miami-Dade County, Florida, and because a substantial part(s) of the events, acts, violations or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their event and facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendants' event and commercial property and the businesses therein, including the restaurants and retail shopping stores.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance, including entities which exercise sufficient control of a facility, even temporarily, and further applies to temporary events such as the Formula 1 race operated by Defendants.

13. Plaintiff, CARLOS CUESTA is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS CUESTA, suffers from cerebral palsy, a disorder that

affects his movement, balance and posture, and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, difficulty walking, standing, climbing stairs, or perform activities requiring lower body strength and mobility. Plaintiff enjoys watching sports and attending live sporting events. Because of Plaintiff's condition and difficulty ambulating, he has been adversely impacted by the violations of the ADA as set forth herein.

14. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, suffers from cerebral palsy, a disorder that affects his movement, balance and posture, and has spent most of his life in a wheelchair, and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility. Plaintiff enjoys watching sports and attending live sporting events. Because Plaintiff requires the use of a wheelchair to ambulate, he has been adversely impacted by the violations of the ADA as set forth herein.

15. Defendant, SOUTH FLORIDA STADIUM, LLC, d/b/a HARD ROCK STADIUM, owns, operates, and oversees the Commercial Property, the general parking lots and parking spots specific to the businesses therein, that are the subject of this Action. Defendant, LIBERTY MEDIA CORPORATION d/b/a FORMULA 1 MIAMI GRAND PRIX, owns, operates, and oversees the Formula One race located at the Commercial Property, and, during the event, operates and oversees the general parking lots and parking spots specific to the businesses therein, alongside Defendant, SOUTH FLORIDA STADIUM, LLC, that are the subject of this Action.

16. The subject event and Commercial Property is open to the public via public ticket sales.

17. Plaintiffs visited the Formula 1 Miami Grand Prix and the commercial property

as patrons/customers, attending both the 2023 and 2024 Grand Prix, visit the commercial property as patrons/customers regularly for other events, and intend to return to the commercial property and attend the 2025 Formula 1 Miami Grand Prix.

18. Plaintiffs found the Formula 1 Miami Grand Prix event and the commercial property to be rife with ADA violations. Plaintiffs encountered architectural barriers at the Formula 1 Miami Grand Prix event and commercial property and wish to continue their patronage of the event and use of the premises.

19. Plaintiffs have encountered architectural barriers that are in violation of the ADA at the subject event and commercial property. The barriers to access at Defendants' event and commercial property have each denied or diminished Plaintiffs' ability to visit the event and commercial property and endangered their safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs and others similarly situated.

20. Defendants own and/or operate a place and event of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants owns and/or operates the event and commercial property at is located at 347 Don Shula Drive, Miami Gardens, FL 33056.

21. Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described event and commercial property, but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the event and commercial property, in violation of the ADA. Plaintiffs desire to

visit the event and commercial property, not only to avail themselves of the goods and services available at this event and commercial property, but to assure themselves that the event and property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the event and property without fear of discrimination.

## ADA VIOLATIONS

22.     Defendants have discriminated against the individual Plaintiffs, CARLOS CUESTA and DOUGLAS LONGHINI, and ACCESS 4 ALL, INC., by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the event and Commercial Property and other businesses located within the Commercial Property as prohibited by 42 U.S.C. § 12182 et seq.

23.     Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiffs encountered during their visit to the Defendants' event and Commercial Property and businesses within the Commercial Property, include, but are not limited to, the following:

A. Public Access to Race Areas

i. Relocated paths of travel, installed grandstands, fences and barriers obstruct accessible routes and spaces required by PROWAG & the 2010 ADA Standards for Accessible Design.

ii. Ground surfaces contain excessive slopes/cross-slopes, holes and abrupt level changes in and along routes from parking and unloading areas to access the event, supporting amenities Casinos and Guest Room areas violating PROWAG & The 2010 ADA

Standards.

B. Parking Access – Outside Hard Rock Stadium Parking Areas

i. Several parking areas are not configured for van accessible spaces. Many provided spaces lack compliant signage and/or access aisles.

ii. Spaces in surface lots not located on direct accessible route to entrances served.

iii. Valet parking and taxi/ride share pickup/drop-off areas lack required level loading areas, signage, ground markings and curb ramps to access partner properties.

C. Hard Rock Stadium Parking Access

i. Disabled parking areas lack proper signage and access aisles and are not on level ground. Van aisles are under 96" wide or fail to adjoin accessible routes.

ii. Valet Parking, Taxi & Ride Share pickup/unloading areas are obstructed and/or not on level ground and/or are not part of compliant accessible routes to the race and walkways.

iii. There are level changes on or at bases of ramps accessing grandstands and viewing areas.

iv. Ramps rises over 6" lack proper handrails and drop-off protection on race element routes.

v. There are improper curb ramps on routes to grandstands and Pedestrian Access Routes lack compliant surfaces, ramps & level landings. Obstructions to sidewalks without required Alternate Pedestrian Access Routes force travel on vehicular ways/unstable ground surfaces.

vi. There are no Alternate Transit Stops or compliant Pedestrian Access Routes in areas disrupted by race construction preventing access.

D. Access to Grandstand Viewing Areas

i. Paths to viewing areas lack compliant accessible routes for mobility needs in race areas.

ii. Created pedestrian routes have conditions including improper lifts, dangerous slopes, cracks, abrupt changes & unstable surfaces to access race viewing areas, food, drink & merchandise stands and pop-up stores.

iii. Relocated paths of travel, installed grandstands, fences and barriers obstruct accessible routes and spaces required by PROWAG & the 2010 ADA Standards for Accessible Design.

iv. Ground surfaces contain excessive slopes/cross-slopes, holes and abrupt level changes in and along routes from parking and unloading areas to access the event, supporting amenities & viewing spaces violating PROWAG & the 2010 ADA Standards.

E. Entrance and Egress

i. Doors & gates accessing ticketed race viewing areas lack the required maneuvering space.

ii. Doors & gates accessing ticketed hospitality areas lack the required maneuvering space.

F. Common Area Spaces

i. Provided tables and bar areas fail to comply with UFAS & 2010 ADA Standards.

ii. Race entry & check-in areas are not located on accessible routes complying with Section 402.

G. Race Area Restrooms

i. Accessible race area restrooms are on obstructed routes failing to comply with the

    standards.

 ii. Water closet locations do not comply with Section 604.

 iii. Urinals violate Section 605 in restrooms with more than 1 urinal.

 iv. Restrooms lack lighting at night and others have mirrors mounted above 40" AFF.

 v. There are no compliant towel and tissue dispensers in restrooms designated accessible.

24. The foregoing list of violations are only a representative list of those violations existing at Defendants' event and Commercial Property.

## RELIEF SOUGHT FOR ALL COUNTS AND THE BASIS

25. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiffs request an inspection of the Defendants places of all of Defendants public accommodations in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the event and Commercial Property and the businesses therein; Plaintiffs request to be physically present at such inspections in conjunction with Rule 34 and timely notice.

26. Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' event and Commercial Property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. Plaintiffs and all others similarly situated, will

continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27. Defendants have discriminated against Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.

29. Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate

relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the Commercial Properties owned and operated by Defendants, the interiors, exterior areas, and the common exterior areas of those properties to make those facilities readily accessible and useable to Plaintiffs and all other similarity situated persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiffs, CARLOS CUESTA, DOUGLAS LONGHINI, and ACCESS 4 ALL, INC., respectfully request:

(i) The Court issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

(ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services,

11

facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

(iii) Award Compensatory Damages to Plaintiff

(iv) An award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

(v) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

(vi) Award Plaintiff any and all relief and recovery allowed under Florida State law not otherwise available under federal law including, without limitation, actual damages.

Dated: March 18, 2025.

Respectfully submitted,

By: _____
PETER MINEO JR.
Florida Bar No: 328928
THE MINEO SALCEDO LAW FIRM, P.A.
Attorneys for Plaintiff
5600 Davie Rd.
Davie, FL 33314
T: (954) 463-8100
F: (954) 463-8106
Service@mineolaw.com